George Tilzer, J.
This is an application for the appointment as receiver of the rents, issues and profits of certain property, of the Commissioner of Real Estate of the City of New York, pursuant to section 309 of the Multiple Dwelling Law, as amended by chapter 492 of the Laws of 1962, popularly known as the ‘ ‘ Receivership Bill. ’ ’
The purpose of the bill, as expressed in its section on legislative findings and intent, is to provide to municipalities additional enforcement powers necessary for the removal and remedying of conditions in multiple dwellings constituting a serious fire hazard or threat to life, health or safety. There appears to be no opposition to this application. The challenge had been made on the return of the motion to the jurisdiction of this court over the United States as an alleged lienor. At the suggestion of the applicant, by Miss Rose Schneph, Chief of the Penalties Division of the Law Department, and upon recommendation of the court, the United States was requested to reconsider its position. The Federal Government thereafter conceded that it has no lien on the property.
It is asserted in behalf of this application that the numerous violations which exist on the building involved are a nuisance which constitute a serious fire hazard, and a threat to the health *131 and safety of the occupants of the building and the general public. Such conditions as rubbish accumulations, broken plaster, unsanitary surfaces, windows in disrepair, improper central heating, sewerage defects, fire escape obstructions, plumbing violations, and numerous other health and safety hazards appear rampant throughout the premises. It seems that the owner, after due notice, failed to cure the violations.
It is the opinion of the court that the facts stated in the application fully warrant the relief sought, and the application is, accordingly, granted as prayed for.
The court is informed that this is the first time that procedures under the “ Receivership Bill ” have been invoked. It has been pointed out that the bill ‘ ‘ will be useless unless implemented by decisive action at the local level”. (See Governor’s Legis. Memorandum, McKinney’s 1962 Session Laws, p. 3635.) The affirmative action taken herein by the local authorities to remove the frightful conditions described is a salutory beginning towards the removal of the civil blight, as well as the threat to health and life, inherent in slum conditions. The Department of Buildings should be encouraged in like situations where dwellings are found to constitute a serious threat to life, health or safety, to make unrelenting use of the procedures made available by this new statutory device to the end, it is hoped, that a shameful condition existing in our community will be greatly diminished and ultimately eradicated.